

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LISA KEETON CLARK, | ) | Case No. 19-10698-JDW |
| | ) | |
| Debtor. | ) | Chapter 13 |

### ORDER DENYING MOTION TO IMPOSE AUTOMATIC STAY (DKT. # 21)

This matter came before the Court on the *Motion to Impose Automatic Stay* (Dkt. # 21) filed by Lisa Keeton Clark (the "Debtor") on April 9, 2019 and discussed at the related hearing on *Planters Bank's Expedited Motion Seeking Confirmation That No Automatic Stay Protects the Debtor and Debtor's Interests in Certain Real Properties, for Abandonment of Same from the Debtor's Estate and Other Relief* (Dkt. # 16) held on April 16, 2019.   Within a year prior to filing this case, the Debtor had one previous bankruptcy case pending.   Section 362(c)(3)[1] provides that if the Debtor had one previous

---

[1] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code"), unless otherwise indicated.

case pending in the year prior to the current case's petition date, the automatic stay expires after thirty days, if not extended.  11 U.S.C. § 362(c)(3).  The Debtor did not move to extend the stay but has instead moved to impose the stay after its expiration pursuant to § 362(c)(4).  The Motion was not timely under § 362(c)(3) or (c)(4).  The Court holds that Debtors cannot use § 362(c)(4) as a backdoor to extend the stay when the deadline to do so has passed.  The Motion will be denied.

## I.    FACTS[2]

The Debtor's previous case was filed on April 16, 2018 and dismissed on November 2, 2018.  (Case No. 18-11471).  The Debtor filed this Chapter 13 bankruptcy case on February 19, 2019.  (Dkt. # 1).  The Debtor did not seek extension of the automatic stay prior to its expiration on March 21, 2019.  Forty-eight days after the current petition was filed and after the stay had expired, the Debtor filed the Motion requesting to (re)impose the automatic stay under § 362(c)(4).  (Dkt. # 21).

## II.    CONCLUSIONS OF LAW

When a debtor files her bankruptcy petition, it generally "operates as a stay, applicable to all entities," of most actions against the debtor, the debtor's property, and property of the bankruptcy estate.  11 U.S.C. § 362(a); *In re*

---

[2] To the extent any findings of fact are conclusions of law, they are adopted as such, and vice versa.

*Flynn*, 582 B.R. 25, 29 (B.A.P. 1st Cir. 2018).  However, if a debtor has had one or more bankruptcy cases pending in the prior year, the stay will either expire after thirty days or not go into effect at all, depending on the number of previous cases.  11 U.S.C. § 362(c)(3), (4).  The Bankruptcy Code provides a means for the debtor to extend or impose the stay but mandates strict deadlines that must be met.

### A. One Prior Case

Under § 362(c)(3), if a debtor has had one bankruptcy case pending within one year prior to filing, the automatic stay expires thirty days after the petition is filed, unless extended.  *In re Williams*, 545 B.R. 917, 922 (Bankr. S.D. Tex. 2016).  Section 362(c)(3) provides:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>     (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>     (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . .

11 U.S.C. § 362(c)(3) (emphasis added).

The Bankruptcy Code explicitly requires that a Debtor file a motion to extend the stay and that notice and a hearing be completed within thirty days from the petition date. *Id.*; *Capital One Auto Finance v. Cowley*, 374 B.R. 601, 605 (W.D. Tex. 2006). In recognition of this expedited procedure, the Uniform Local Rules for the United States Bankruptcy Courts Northern and Southern Districts of Mississippi provide that motions to extend the automatic stay must be filed within seven days of the filing of the petition. MISS. BANKR. L.R. 4001-1(e)(1)(A). The local rule also cautions that if a motion to extend the automatic stay is filed more than seven days after the filing of the petition, the court will set a hearing date with not less than fourteen days' notice.[3] MISS. BANKR. L.R. 4001-1(e)(2). If the Debtor does not extend the stay before it expires, "it cannot be resurrected." *Williams*, 346 B.R. at 370; *see also, Whitaker v. Baxter (In re Whitaker)*, 341 B.R. 336, 346 (Bankr. S.D. Ga. 2006) ("With respect to first-time repeat filers, there is no specific grant of authority to reimpose the stay

---

[3] The Local Rule provides:

> For a motion to continue the automatic stay filed on or within 7 days of the date of filing the petition, the court shall set a hearing date no later than 30 days after the filing of the petition. For a motion to continue the automatic stay filed more than 7 days after the date of the filing of the petition, the court shall set a hearing date with not less than 14 days notice. The mere filing of the motion will not extend the automatic stay beyond the 30th day after the filing of the petition. If the hearing date is more than 30 days after the date of the filing of the petition, it is incumbent on the debtor or other party in interest to seek an injunction (through the filing of a complaint and motion for a Temporary Restraining Order) to stop any creditor/lienholder collection efforts which may be scheduled to occur after the 30th day following the filing of the petition, but before the hearing on the motion to continue the automatic stay.

MISS. BANKR. L.R. 4001-1(e)(2).

once it has lapsed under § 362(c)(3)(A).”); *In re Berry*, 340 B.R. 636, 637-38 (Bankr. M.D. Ala. 2006).

Here, the Debtor had one prior case and thus fell within the purview of § 362(c)(3). Not only did the Debtor fail to file a motion to extend the stay in time for notice and a hearing within the thirty-day period, she did not file an extension motion at all. The stay cannot be extended in this case.

## B. Two or More Prior Cases

If a debtor had two or more cases pending within the prior year, the automatic stay does not go into effect on the petition date. Instead, the debtor must file a motion to impose a stay. Again, that motion must be filed within thirty days of the petition date. Section 362(c)(4) provides:

> (4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and . . .
>     (B) if, **within 30 days after the filing of the later case, a party in interest requests** the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; . . .

11 U.S.C. § 362(c)(4) (emphasis added). Under § 362(c)(4), notice and a hearing do not have to be completed within thirty days. *Id.*; *Cowley*, 374 B.R. at 606.

The Debtor is only required to file the motion to impose the stay within thirty days. *Id.*

The Debtor in this case missed both deadlines. The Debtor had only one previous case and so she should have filed a motion to extend the stay within seven days of filing her petition in accordance with the local rules. She did not. Instead, the Debtor filed the Motion seeking to impose the stay. However, the Motion was filed forty-eight days after the petition was filed, outside the window for both a motion to extend and a motion to impose. The Debtor sought the wrong relief under the wrong subsection and missed all deadlines for doing so. The Motion is due to be denied as untimely. The stay cannot be imposed in this case.

### C. Re-Imposing the Stay Under § 362(c)(4)

This is not an invitation to file motions to impose on the eve of stay expiration. Putting aside the untimeliness of the current Motion, the Debtor cannot use § 362(c)(4) as an end run around the requirements of § 362(c)(3). In accord with the majority of courts who have considered this issue, this Court concludes that a debtor with one previous case pending within the year prior to her petition cannot use § 362(c)(4) to impose the stay after it expires. *Cowley*, 374 B.R. at 607-09; *Whitaker*, 341 B.R. 336; *In re Ajaka*, 370 B.R. 426 (Bankr. N.D. Ga. 2007); *In re Norman*, 346 B.R. 181 (Bankr. N.D. W. Va. 2006); *contra In re Toro-Arcila*, 334 B.R. 224, 225 (Bankr. S.D. Tex. 2005) (single-

repeat filer moved to impose the stay within the thirty days and the Court granted the motion); *In re Beasley*, 339 B.R. 472 (E.D. Ark. 2006) (adopting the *Toro-Arcila* ruling).

The United States Supreme Court has instructed that "[t]he preeminent canon of statutory interpretations requires [courts] to presume that the legislature says in a statute what it means and means in a statute what it says there." *BedRoc Ltd., LLC v. U.S.*, 541 U.S. 176, 183 (2004). The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The Court's "inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Id.* (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1992). This is determined by "reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992); *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991)).

The plain language of § 362(c)(4) provides that it only applies to debtors with two or more prior cases. *Whitaker*, 341 B.R. at 343; *Ajaka*, 370 B.R. at 428. This section is only triggered "if a single or joint case is filed by or against a debtor who is an individual under this title, *and* **if 2 or more** single or joint

cases of the debtor were pending within the previous year but were dismissed."
11 U.S.C. § 362(c)(4) (emphasis added).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 clearly distinguishes between debtors with only one previous case and debtors with two or more previous cases. *Whitaker*, 341 B.R. at 341-42; *In re Jumpp*, 356 B.R. 789, 796 (B.A.P. 1st Cir. 2006) ("[T]he language indicates an intent to differentially penalize filers based on the number of previous cases.") (abrogated on other grounds). There are specific requirements for a debtor with one previous case and specific requirements for a debtor with two or more. *Norman*, 346 B.R. at 183. To apply § 362(c)(4) to debtors with only one previous case would not conform with the overall statutory scheme of § 362(c). *Cowley*, 374 B.R. at 608-09. The language of § 362 and the context of the statute make clear that § 362(c)(3) only applies to single-repeat filers, and § 362(c)(4) only applies to multiple-repeat filers. Thus, a single-repeat filer cannot use 362(c)(4) to extend the deadlines set forth in § 362(c)(3).[4]

---

[4] The Court in *Toro-Arcila* used the § 362(c)(4) hearing requirements, for multiple-repeat filers, to displace the hearing requirements for § 362(c)(3) single-repeat filers. *Toro-Arcila*, 334 B.R. at 225; *Norman*, 346 B.R. at 183. The *Toro-Arcila* Court did so because it found that to hold otherwise would render the majority of § 362(c)(4)(D) meaningless. *Id.* Several courts have disagreed with this reasoning and found the opposite, "that the factors of § 362(c)(4)(D) are disjunctive, and 'place consecutive burdens on the multiple repeat filer to establish good faith;' thus, the remainder of the statute is not surplusage." *Norman*, 346 B.R. at 183 (citing *Whitaker*, 341 B.R. at 344).

8

### III.    CONCLUSION

The Debtor in this case should have moved to extend the stay within seven days of filing her petition, as required by the local rules.  Miss. Bankr. L.R. 4001-1(e)(1)(A).  At a minimum, the Debtor should have filed the Motion in time for it to be served and a hearing held within the thirty-day initial stay period.  She did neither.  The Motion was untimely under both § 362(c)(3) and (c)(4) and, thus, the Motion is due to be denied.

Additionally, the Code is clear that § 362(c)(3) applies to debtors with one prior case and § 362(c)(4) applies to debtors with two or more prior cases. The plain language of the statute prevents this Court from applying § 362(c)(4) to a debtor with only one previous case.  Quite simply, the Debtor missed the deadline to extend the stay and cannot use other sections of the Code to get around the requirements of § 362(c)(3).  Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the Motion to Impose the Stay (Dkt. # 21) is **DENIED.**

##END OF ORDER##